EDWARD GLINES, administrator, & others, *vs.* MARY P. B. WEEKS, administratrix.

Middlesex. March 20. — Sept. 5, 1884. DEVENS & COLBURN, JJ., absent.

More than two years after an administrator of an estate of a deceased person had given notice of his appointment, and after the estate had been represented insolvent, the administrator first discovered the existence of a bond executed to the intestate by a person to whom the intestate had conveyed a parcel of land, by the terms of which the obligor was to reconvey the land within five years on payment of a certain sum. The administrator refused to bring a bill in equity to redeem the land, although requested to do so by a creditor of the estate who had not presented or proved his claim, and who offered to indemnify the administrator against costs. *Held*, that the creditor had a right to a judicial determination of the question whether an equity of redemption existed which was new assets within the Pub. Sts. *c.* 136, § 11; that this question could not be determined on a petition to remove the administrator from his office for refusing to act in the matter; and that the refusal was good ground for the removal of the administrator.

APPEAL from a decree of the Probate Court, removing the appellant from the office of administratrix of the estate of Edwin L. Weeks. At the hearing, before *W. Allen*, J., the following facts appeared :

On November 11, 1882, the appellant, in her own right as widow of Edwin L. Weeks, together with her children as heirs at law of said Weeks, filed a bill in equity against Edward Glines, as administrator of Jacob T. Glines, and' certain other persons, heirs at law of Jacob T. Glines, for the redemption of an estate situated on Marshall Street, in Somerville, from an alleged mortgage. This estate was conveyed by Edwin L. Weeks to Jacob T. Glines on April 28, 1877, by a warranty deed in common form, and upon the same day Jacob T. Glines executed and delivered to Weeks a bond for the reconveyance thereof within five years, on payment of a certain sum. The plaintiffs in the equity suit alleged that said deed and bond constituted a mortgage of the estate, and that they had a right of redemption therefrom, which was denied by the defendants. It was alleged in the bill, and for the purposes of this case was to be taken as true, that the plaintiffs in said suit discovered the existence of the bond in September, 1882, and then first discovered the existence of their alleged right of redemption of said estate, and the administratrix of the estate of Weeks then first had knowledge of it.

Edwin L. Weeks at his decease was indebted to Jacob T. Glines upon a promissory note for $2000, dated November 9, 1876, and having an indorsement, dated August 8, 1877, of the payment of six months' interest thereon, which was not included in the sums of money secured by the alleged mortgage. This note is now in the hands of his administrator. Edwin L. Weeks was indebted to the other petitioners in certain sums; and these debts have never been presented to nor paid by the administratrix. The estate of Weeks was settled by the appellant as an insolvent estate by a partial payment of the preferred creditors, under the Gen. Sts. *c.* 97, § 20.

The defendants in the suit in equity contended that the appellant should become a party therein in her capacity as administratrix, in order that said right of redemption, if any such existed, should be exercised for the benefit of the general

creditors of said estate, of whom Edward Glines, administrator, claims to be one, as the holder of the note for $2000; and Glines requested her to become a party plaintiff in said suit in her capacity as administratrix, offering to indemnify her for her costs in so doing, but she declined so to do; and thereupon Glines filed this petition for her removal from her office as administratrix; and the other petitioners joined therein at his request, he bearing the expense of prosecuting the same.

The appellant was appointed and gave bonds as administratrix on January 1, 1878, and within three months thereafter gave notice of her appointment, and within one year thereafter filed an affidavit of such notice in the Probate Court according to law. She has no money or personal assets of the estate of Edwin L. Weeks in her hands, nor is there other property of the estate except said equity of redemption. The value of the land greatly exceeds the amount of the bond.

The only act of maladministration relied upon by the petitioners in support of their petition was the refusal of the appellant to become a party to said suit in equity in her capacity as administratrix.

The appellant contended that, as she gave due notice of her appointment as administratrix, and more than two years have elapsed since the date of her giving bond, all claims of creditors against the estate of Edwin L. Weeks are barred; that the lien of said creditors upon the real estate of Weeks has expired; that the Probate Court would have no authority to grant her a license to sell said equity of redemption, or said real estate if redeemed, to pay the claims of said creditors; and that she has no right, and is under no duty as such administratrix, to become a party to said suit. The petitioners contended that said equity of redemption constitutes new assets of the estate of Edwin L. Weeks, which his administratrix would be entitled to redeem or sell, and the proceeds of which would be new assets in her hands, for which she would be liable to the claims of creditors.

By consent of parties, the judge reserved for the consideration of the full court the question whether, if such equity of redemption exists, the facts stated show that there are newly discovered assets of the estate of said Edwin L. Weeks which his administratrix has a right to recover and apply to the payment of debts

due from him at his decease. If there are such assets, the decree of the Probate Court was to be affirmed; otherwise, it was to be reversed.

*S. Z. Bowman & G. A. Bruce*, for the petitioners.

*R. D. Smith & M. M. Weston*, for the appellant.

FIELD, J. Whether an equity of redemption exists in the land conveyed to Glines, and, if it does, whether it can now be sold to pay the debts of the estate of Edwin L. Weeks, are questions that cannot be determined in this proceeding. If Weeks had an equity of redemption in this land, it descended on his death to his heirs at law, subject to dower in his widow. The heirs at law can bring a bill in equity to redeem the estate, and the widow can, if she released dower in the deed; and this they do in their own right. By statute, an administrator has the right to redeem, if there is an equity of redemption belonging to the estate; but if the administrator redeems, he redeems for the benefit of the widow and heirs, except so far as the land may be sold in order to pay the debts of the estate, and the right of dower of the widow cannot be sold for that purpose. *Aiken* v. *Morse*, 104 Mass. 277. Whether, if she released dower in the deed to Glines, and the mortgage is redeemed by an administrator, she may not be excluded from dower until she contributes her share towards the redemption, need not now be considered.

The principal conflict of interest is between the creditors of the estate and the heirs at law of Weeks; and the heirs at law are not a party to this proceeding. But if it is a question that might properly be litigated, whether an equity of redemption does not exist, which is new assets, and so liable to be sold for the payment of the debts of the estate, the Probate Court might remove the administratrix if she declined to apply to that court for a license to sell the equity of redemption. The difficulty is in dealing with the report. The report states that "the only act of maladministration relied upon by the petitioners in support of their petition was the refusal of the appellant to become a party to said suit in equity in her capacity as administratrix." It abundantly appears that she has no property of the estate with which to redeem, and, under these circumstances, it is not her duty as administratrix to advance her own

money in order to redeem the land for the benefit of the estate. The question reserved for the full court is "whether, if such equity of redemption exists, the facts stated show that there are newly discovered assets of the estate of said Edwin L. Weeks which his administratrix has a right to recover and apply to the payment of debts due from him at his decease." If there are such new assets, the decree of the Probate Court is to be affirmed; otherwise, reversed. But the heirs at law, who are the principal, if not the only, persons adversely interested, have not been heard, as they are not parties, and any opinion we might express upon the principal question in the case would not affect them.

The debts of the estate are barred by the Gen. Sts. *c.* 97, §§ 5, 20, (Pub. Sts. *c.* 136, §§ 5, 9,) unless, by the discovery of the existence of the bond in September, 1882, assets have come to the hands of the administratrix after the expiration of two years, within the meaning of the Gen. Sts. *c.* 97, § 6 (Pub. Sts. *c.* 136, § 11). *Aiken* v. *Morse, ubi supra. Tarbell* v. *Parker,* 106 Mass. 347. We think that it is a proper subject of judicial inquiry, if any person is willing to become administrator of the estate, whether there is not an equity of redemption, which is new assets, within the meaning of the Pub. Sts. *c.* 136, § 11; and that, for this reason, the decree of the Probate Court should be affirmed. *Welsh* v. *Welsh,* 105 Mass. 229.

*Decree affirmed.*