[No. 6184.]

DENVER AND RIO GRANDE RAILROAD COMPANY v.
PAONIA DITCH COMPANY.

1. Appeal—County to District Court—Effect—An appeal to the district court from a judgment of the county court does not vacate the judgment, but merely suspends its execution.—(283)

2. ——Appeal Bond—Conditions—Under the statute (Mills' Stats., § 1086; Rev. Stats., § 1537), where appeal is taken from the county court to the district court, upon a judgment not for money, and the bond is upon the conditions prescribed for an appeal from a money judgment, the appeal must be dismissed. —(282, 283)

3. ——Right of Appellant to Discontinue—The spirit of the code provision (sec. 166) does not entitle one who appeals from the county to the district court, to discontinue his action without prejudice, in the district court.—(283)

4. Maxims—It is of public interest that there shall be an end of litigation.—(284)

*Error to Delta District Court*—Hon. SPRIGG SHACKLEFORD, Judge.

Messrs. VAILE & WATERMAN, Mr. A. R. KING, Mr. E. N. CLARK, Mr. F. S. TITSWORTH, and Mr. J. G. McMURRY for plaintiff in error.

No appearance for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

In the trial in the county court, where the action was begun, judgment went for defendant Railroad Company, whereupon plaintiff Ditch Company prayed an appeal to the district court, executed an appeal bond, which was approved, and lodged the transcript with the clerk of the district court. The defendant, appearing specially in the district court, moved to dismiss the appeal because the appeal bond was inadequate. Sec. 1537 R. S. 1908, 1086, 1 M. A. S., which is controlling, provides that upon an appeal from the county to the district court, if the judgment appealed from is against the party appealing, and is for the payment of money, the appeal bond shall contain certain conditions; and where such judgment is not for the payment of money, then an essentially different kind of an appeal bond is prescribed. The judgment against plaintiff was not for the payment of money. It went for defendant on the merits and this carried the costs as an incident. The appeal bond, therefore, was the one which is required where the judgment is not for the payment of money, and not such a bond as the statute

makes imperative where there is a money judgment. The trial court was wrong in denying defendant's motion to dismiss the appeal.

After the court denied this motion, plaintiff asked, and was granted, leave to dismiss its action without prejudice, at its own costs, and over the objection of defendant this motion was granted and the action was so dismissed. In this the court also erred. Sec. 166 of our Code of Procedure gives to a plaintiff the right to dismiss his action at any time before trial, upon the payment of costs, if a counter-claim has not been made. No counter-claim was made in this case, but a trial of the action had already been had in the county court. It cannot be that this section gives a plaintiff, against whom a judgment is rendered in the county court, as the result of a trial had there, the right to dismiss his action without prejudice after he has appealed it to the district court, and before trial there, upon the mere payment of costs. Otherwise a plaintiff might thus nullify a judgment against himself, then begin another action in the county court, there fail, appeal to the district court, and by dismissing his action without prejudice, begin again in the county court, and so indefinitely repeat the process, to the annoyance and vexation of his adversary. The spirit of the code provision, as applicable to the facts of this case, is that the plaintiff may, as matter of right, before trial in the county court, dismiss his action upon payment of costs, if no counter-claim has been made; but an unsuccessful plaintiff is not thereby authorized, after failing in the county court, to appeal to the district court, and, before trial there, dismiss his action without prejudice, over the objection of the successful defendant. The perfecting of an appeal to the district court from a judgment rendered by the county court does not vacate that judgment.

It merely suspends its execution till the district court otherwise orders. The action of the district court here is equivalent to an investiture in a litigant of the power in the appellate court to vacate a judgment rendered against him in the court of original jurisdiction, without a trial on the merits, which, in a case like this, resides only in the district court itself.

It is to the interest of the state that there be an end of litigation. If the practice below should be sanctioned here, it would tend unjustly to prolong litigation and to put unrestrained power into the hands of one litigant to harass and annoy the other. Because of these errors, the judgment is reversed and the cause remanded to the district court for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.