Martin C. McCluskey, et als.

Appellants from Decree of the Judge of Probate.

Washington.    Opinion June 7, 1917.

*Executors and administrators.   Doctrine of res adjudicata, as applied to motions.*
*When is an executor or administrator held to be unsuitable to perform his*
*trust.    General rule where executor or administrator has any*
*conflicting personal interest which prevents him from*
*doing his official duty.    Duty of executor or*
*administrator to sue for and recover*
*any property that may prop-*
*erly belong to the estate*
*which he represents.*

An appeal from the decree of the Judge of Probate of Washington County removing one of the appellants from the office of administrator of the estate of Charles T. McCluskey, deceased.

The purpose of administration being the complete settlement of the estate of a decedent, a petition for the removal of an administrator is in the nature of an interlocutory proceeding.

Such a petition is but a motion in writing.

To motions the doctrine of res adjudicata does not in strictness apply and motions may be renewed even upon the same state of facts by leave of court, and a hearing by the court of such a motion is equivalent to leave of court.

Upon appeal from a decree of the probate court removing an administrator upon the ground that the administrator upon request of an offer of indemnity by a creditor of the estate refused to commence proceedings for the recovery of property alleged to have been conveyed by decedent in fraud of creditors, it is not necessary to determine that the conveyance was made without consideration or with fraudulent intent.   It is sufficient that upon the evidence there was reasonable ground so to believe.

Where it appears the estate of deceased has been represented insolvent and it appears that a conveyance of land was made by him in his lifetime which there is reasonable ground to believe was fraudulent, the creditors have the right to insist that an administrator shall try the question.

An executor or administrator is deemed unsuitable when he has any conflicting personal interest which prevents him from doing his official duty.

On an appeal from the decree of the judge of probate removing an administrator of an estate for failure at the request of a creditor to commence proceedings for the recovery of property of his intestate alleged to have been fraudulently conveyed, the question of no assets is not involved, and arises only when the new administrator has in his hands the proceeds of the real estate alleged to have been fraudulently conveyed.

Appeal of Martin C. McCluskey, et als., from decree of Judge of Probate of Washington County to Supreme Court of Probate, removing said Martin C. McCluskey from the office of administrator of the estate of Charles T. McCluskey, of Danforth. Said appeal was entered at the May term of the Supreme Judicial Court for said county of Washington sitting as the Supreme Court of Probate. After the introduction of certain evidence, questions of law of sufficient importance having arisen, by consent of the parties the case was reported to the Law Court upon so much of the evidence as legally admissible, the Law Court to determine all the rights of the parties and order final judgment thereon. Decree of Probate Court affirmed.

Case stated in opinion.

*C. B. & E. C. Donworth*, for appellants.

*W. S. Lewin, and Leonard A. Pierce*, for appellee.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, JJ.

BIRD, J. This is an appeal from the decree of the Judge of Probate of Washington County removing one of the appellants from the office of administrator of the Estate of Charles T. McCluskey, deceased.

"William G. Spinney, the appellee, was for some time prior to May 25, 1912, the owner of a judgment against the deceased, Charles T. McCluskey, which amounted to something over six hundred dollars. On that date, McCluskey conveyed a farm, the only asset out of which that judgment could be satisfied, to his wife, Isabelle T. McCluskey," by deed alleged by appellee to be "without any real consideration, and eleven months afterwards he died leaving no property.

"On September 9th of that year, the appellee filed a petition as creditor, asking the appointment of Robert J. Love, as administrator. The family of McCluskey appeared and having the prior right to administer, Martin C. McCluskey, a son of the deceased and Isabelle T. McCluskey, was duly appointed.

"January 24, 1914, a request was made in writing of the administrator to institute proceedings to set aside the conveyance for the benefit of the creditors, and an indemnifying bond tendered to protect him from any loss, cost or damage, because of the bringing of such suit. None was ever brought.

"Having waited a year, the appellee filed a petition that Martin C. McCluskey be removed as administrator, for his failure to bring the suit as requested. No inventory of the estate had been returned to the Probate Court. The judge dismissed this petition.

"The appellee then filed a petition that the administrator file an inventory, which was done July 13th, showing no assets of the estate. The appellee then filed a petition in this case upon which, after full hearing, the judge of probate decreed that the administrator be removed and Max V. Doten, a disinterested party, be appointed in his stead. From the decree the administrator joined with his mother, the record holder of the property in question, his sister and brother, in an appeal to the Supreme Court of Probate, whence the case was, by agreement of counsel, reported to this Court."

The first reason of appeal is that the questions involved in the second petition for removal were res adjudicata by reason of the dismissal of the prior petition for removal. The purpose of administration being the complete settlement of the estate of a decedent, such a petition is in the nature of an interlocutory proceeding; See *Arnold* v. *Sabin*, 4 Cush., 46, 47. It does not finally adjudicate the rights of creditors or heirs or finally dispose of the case. Under such circumstances a petition is but a motion in writing. See *Berger* v. *Jones*, 4 Met., 371, 376. To motions the doctrine of res adjudicata does not in strictness apply. Undoubtedly motions, technically such, may be renewed even upon the same state of facts by leave of court, and a hearing of a motion renewed upon the same grounds is equivalent to leave of court. See *Cilley* v. *Limerock R. R. Co.*, 115 Maine, 382, 384; *Clopton* v. *Clopton*, 10 N. D., 569; 88 Am. St. Rep., 749; *Harris* v. *Brown*, 93 N. Y., 390. The appellee contends that the second petition alleges different grounds for its allowance than those alleged in the former petition. Assuming, without determining, this to be so, it is sufficient or, indeed, unnecessary to say that there could be no objection to a consideration of the second petition by the court.

The second ground of appeal is "because the alleged conveyance was not made without consideration, nor with intention, on the part of said Charles T. McCluskey, to delay and defraud any of his creditors, and particularly the said William G. Spinney." It is not necessary upon appeal, and, by reason of the report, the case is before us upon appeal, to determine that the conveyance was made without consideration or with fraudulent intent. The most that the probate court could be called upon to determine was that there was reasonable ground to so believe. The only evidence upon these points is the examination of Isabelle T. McCluskey, the widow of intestate, taken under the provisions of R. S., (1903), Chap. 66, Sec. 70. No objection was made to its use nor was evidence introduced by appellant to contradict it. We think it admissible and that it affords grounds for reasonable belief that the conveyance was made without consideration and with fraudulent intent as to creditors. *Dunbar* v. *Dunbar*, 80 Maine, 152, 153. The inventory of the estate filed July 13, 1915, shows no assets. Representation of insolvency was unnecessary. R. S., (1903), Chap. 68, Sec. 2.

On the twenty-fourth of January, 1914, written request was made to the administrator to institute proceedings to set aside the conveyance, and an indemnifying bond was tendered him as security against loss or costs thereby. It is admitted that no proceedings had been instituted by him looking to the recovery of the estate so conveyed. *Putney* v. *Fletcher*, 148 Mass., 247, 248. We believe this sufficient answer to the third reason of appeal to the effect that the administrator violated no legal duty by his refusal and neglect to act. *Glines* v. *Weeks*, 137 Mass., 547, 550, 551. (See cases cited). The conclusion disposes also of the fourth reason of appeal.

The fifth reason of appeal is "because said Martin C. McCluskey is not an unsuitable person to hold the office of administrator aforesaid nor is he in any way disqualified on any of the grounds alleged in the petitioners' third assignment of reasons for the removal of said administrator." The third assignment referred to sets forth as grounds of unsuitableness the fact that the administrator is the son and a possible heir of Isabelle T. McCluskey and the belief that he has, as the latter, a direct pecuniary interest in the retention of the real estate by her.

"When any executor or administrator, joint or sole, becomes insane or otherwise unsuitable to perform the trust, refuses or neglects to do

so, or mismanages the estate," the Judge of Probate may remove him. R. S., (1903) Chap. 66, Sec. 23. An executor or administrator is deemed unsuitable when he has any conflicting personal interest which prevents him from doing his official duty. *Putney* v. *Fletcher*, 148 Mass., 247-248. We find no error under this reason of appeal.

The seventh reason of appeal is as follows:

"Because it appears by the petition that the petitioner's alleged request made to the administrator that the latter institute proceedings for the recovery of the real estate aforesaid, was made on the twenty-fourth day of January, A. D. 1914, without first presenting his claim to the administrator, verified by oath, or otherwise, and long before he filed in the probate office his claim, so verified, as required by statute, which filing, as appears by the petition, was on Feb. 6 1914."

The appellant apparently invokes the provisions of R. S., (1903) Chap. 89, Sec. 14. The section makes the presentation to the administrator, or filing in the Probate Court, within eighteen months after filing in the Probate Court of his affidavit of notice of appointment, of the claim of a creditor against the estate, a prerequisite to suit against the administrator. If the claim is not so presented or filed, suit thereon is forever barred except in certain cases not necessary to be now considered. This is the only penalty following such failure. The affidavit of notice was filed by the administrator January 21, 1914. The claim of plaintiff was filed only sixteen days later—a full compliance with the statute requirement.

The creditor applied, in that capacity, for the appointment of an administrator and upon hearing upon his petition the appellant was appointed. It is not contended that his request in January, 1914, that the administrator institute proceedings to set aside the conveyance or for the recovery of the real estate, was not made by appellee as a creditor of the estate; and long before either petition for removal was filed, his proof of claim was on file in the Probate Court. There can have been no doubt that appellee's request was made by him as creditor.

The remaining reason of appeal is:

"EIGHTH. Because the administrator filed in the probate court on Jan. 21, A. D. 1914, with a copy of his notice of appointment, his affidavit that he had given notice of his appointment as required by law and order of court; the petitioner's alleged claim against the

estate is not for a legacy or distributive share, nor does it fall within the provisions of sections 15 or 17 of Chap. 89 of the Revised Statutes; and more than twenty months after the filing of the affidavit aforesaid had elapsed before the making of the order and decree now appealed from. Wherefore petitioner did not have at the time of the issuance of said order and decree, and has not now an *enforceable* claim against the estate, and it is barred by the special statute of limitation. No other claims against the estate have been presented to the administrator or filed in the probate court."

It is not the opinion of the court that the matters arising under this reason of appeal are for decision in this proceeding. It involves the question of new assets—a question which will arise only in case and when the new administrator has in his hands the proceeds of the real estate alleged to have been fraudulently conveyed. The decree of the Probate Court removing the administrator is the decree from which appeal is taken.

In *Glines* v. *Weeks*, 137 Mass., 547, 548, 549, an appeal from decree of the Probate Court removing appellant from the office of administratrix, it is said, "But if it is a question that might properly be litigated, whether an equity of redemption does not exist, which is new assets, and so liable to be sold for the payment of the debts of the estate, the Probate Court might remove the administratrix, if she declined to apply to that court for a license to sell the equity of redemption.

"The debts of the estate are barred by the Gen. Sts., c. 97, §§ 5, 20, (Pub. Sts., c. 136, §§ 5, 9) unless, by the discovery of the bond in September, 1882, assets have come to the hands of the administratrix after the expiration of two years, within the meaning of the Gen. Sts., c. 97, § 6, (Pub. Sts. c. 136, § 11). *Aiken* v. *Morse*, ubi supra [104 Mass., 277]; *Tarbell* v. *Parker*, 106 Mass., 347. We think that it is a proper subject of judicial inquiry, if any person is willing to become administrator of the estate, whether there is not an equity of redemption, which is new assets, within the meaning of Pub. Sts., c. 136, § 111; and that for this reason the decree of the Probate Court should be affirmed." See *Putney* v. *Fletcher*, 148 Mass., 247, 248.

*Decree of Probate Court affirmed.*