## No. 11,711.

### PETERS *v.* PETERS, ET AL.

### PETERS *v.* POLSTER.

Decided November 21, 1927.

On proceeding for determination of heirship. Decree for petitioners.

## *Affirmed.*

1. APPEAL AND. ERROR—*Deficient Record.* Where the evidence upon which a trial court bases its finding is not in the record, it will be assumed on review that it was sufficient to support the ruling.

2. APPEALS—*Bond—Sufficiency.* A bond on appeal from county to district court which complies with the statute (C. L. § 5777), except that the words "shall abide, fulfill and perform whatever judgment may be rendered against him in that cause by the district court," are omitted, held sufficient in the instant case.

3. *Bond—Motion to Dismiss.* C. L. §.5623 concerning appeal bonds, in effect abolishes motions to dismiss appeals for insufficient bond, and substitutes a motion for new bond, and where no such motion is filed, a motion to dismiss for defective bond is properly overruled.

4. DETERMINATION OF HEIRSHIP—*Appeals.* The contention that there is no right of appeal from a decree determining heirship under the provisions of C. L. chapter 111, overruled.

5. *Judgment.* A decree which determines the descent under the determination of heirship · statutes, is a final decree.

6. JUDGMENT—*Final.* A final judgment is one that ends the particular suit in which it is rendered.

7. EXECUTORS AND ADMINISTRATORS—*Revocation of Letters—Final Judgment.* Refusal of the probate court to revoke letters of administration does not end the proceeding and is not a final judgment. They may be revoked at any time.

8. APPEAL AND ERROR—*Inconsistent Positions.* A party may not in one proceeding contend that a judgment is not final, and in another contend that it is.

9. PLEADING—*Res Judicata.* The sufficiency of a plea of res judicata is not admitted by filing a replication thereto. The sufficiency of the plea may be raised upon the evidence offered to sustain it.

10. RES JUDICATA—*Sufficiency of Plea.* A plea of res judicata based upon a judgment which is not final, is not good.

11. APPEAL AND ERROR—*Evidence—Weight.* The weight to be given the testimony of witnesses is for the trial court.

*Error to the District Court of El Paso County, Hon. L. C. Stephenson, Judge.*

Mr. JAMES A. ORR, Mr. JOHN E. LITTLE, Mr. H. T. McGARRY, for plaintiff in error.

Mr. SAMUEL H. KINSLEY, Mr. LEON H. SNYDER, for defendants in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

ON appeal by them from the county to the district court of El Paso county, Harold C. and John H. Peters and Erma E. Polster, their sister, had a decree that they were the sole heirs of Albert H. Peters, deceased, whose widow, Stella F. Peters, plaintiff in error, claimed to be. She brings the case here for review.

The plaintiff in error claims that the appeal bonds, one by Harold and John and one by Erma, on appeal to the district court, were insufficient, (1) Because executed by an attorney in fact, without the power of attorney being shown, and (2) because not in proper form as required by statute. For these reasons she moved to dismiss the appeals and the motion was denied.

As to the first ground the evidence on which the court made the decision is not in the record, and, since the motions were denied and the record does not show the contrary, we must suppose that sufficient authority of the attorney in fact was shown.

As to the second ground, the form of each bond is according to the statute, C. L. sec. 5777, in all respects except that it omits the words that the appellant "shall abide, fulfill and perform whatever judgment may be rendered against him in that cause by the district court." We think that the bond substantially satisfies the statute; there was nothing that the appellants could be required to "abide, fulfill or perform" except to pay costs and damages caused by the appeal, and these were expressly provided for in the bonds. The conditions in the bonds are more favorable to appellee than if strictly according to the statute. It is true that in *D. & R. G. Co. v. Paonia D. Co.,* 49 Colo. 281, 112 Pac. 692, we held that upon appeal from a judgment not for the payment of money, a bond conditioned as required on appeal from a judgment for the payment of money was insufficient, but in the present case the bond includes not only the conditions required in case of a money judgment, but all those required in case of the other sort with the exception, above stated, of a condition which had no fitness to the case in hand.

We cannot say that there was error in denying the motions to dismiss.

In addition to the above, C. L. § 5623 is as follows: "If, at any time, pending an appeal, * * * it shall appear to the appellate court, * * * that the appeal bond * * * is defective or insufficient, * * * such appellate court * * * shall order another appeal bond * * * or such other and further security as * * * shall seem proper; Provided, That the appellant or appellants, or his, her or their attorney of record shall have been served with at least twenty-four hours' written notice of the application of the appellee or appellees for such order; and Provided, further, That in case the appellant or appellants shall fail to comply with said order within ten days after the making of the same, the appeal shall be dismissed."

The effect of this is to abolish the motion to dismiss an appeal for insufficiency of the bond and substitute a motion for a new bond. No such motion was filed. The motion to dismiss, then, was properly denied.

Plaintiff in error asserts that there is no right to appeal from a determination of heirship. We do not assent to that proposition. The purpose of the statute (C. L. secs. 5162–5166) for such determination was to provide a way to settle titles which come through estates; unless, therefore, we regard the decree of the court as final we shall subvert the purpose of the act. If it is final it is of the highest gravity and importance, involving unlimited values. It is hardly possible that the legislature intended no appeal. That they intended an appeal is shown in C. L. sec. 5164 which says that the decree shall "determine the descent * * * unless an appeal be taken as in other cases." "Determine the descent" means that the judgment is final, and if what follows it does not mean that appeals in this proceeding may be taken as in other cases in which appeals are provided for, it is without effect; we must give effect if we can, and so must say that it permits appeals. As to appeals in probate matters, see C. L. sec. 5379.

Shortly after the death of the intestate plaintiff in error obtained letters of administration, representing herself to be his widow. Harold petitioned the county court for revocation of her letters on the ground that she was not the widow and was an unfit person to administer the estate. The question of her marriage was found in her favor and the petition to revoke was denied. An appeal was taken to the district court. She moved to dismiss the appeal on the ground, among others, that the decision was not a final judgment and that appellant Harold was not a party aggrieved, and her motion was granted. A writ of error from this court, case No. 11,176, was dismissed on motion of plaintiff in error herein for want of prosecution. This left standing the dismissal by the district court of the appeal from the county court,

and that in turn left standing the denial of the revocation of the letters.

When the final settlement of the estate was approaching, the administratrix, now plaintiff in error, petitioned for the determination of heirship. Harold also petitioned. The county court considered that the question of marriage was res adjudicata and determined that the descent was one-half to plaintiff in error and one-half to the three children. The children then prosecuted their appeals to the district court which we have above held to be valid, the motions to dismiss which were there denied, and the cause was tried. The district court found against plaintiff in error, holding that the denial of the motion to revoke was not res adjudicata, and that on the evidence plaintiff in error was not the widow of Albert II. Peters. The questions here, then, are: (1) Was the denial of revocation res adjudicata as to the marriage? and, if not, (2) does the evidence justify the finding that there was no marriage?

As to the first point the defendants in error answer that such decision is not res adjudicata because, (1) The refusal to revoke is not a final judgment, and, (2) plaintiff in error cannot say it is a final judgment because she obtained a dismissal of an appeal therefrom to the district court on the ground that it was not. We think both these propositions sound. A final judgment is one that ends the particular suit in which it is rendered. *Dusing v. Nelson,* 7 Colo. 184, 186, 2 Pac. 922; *Rockwell v. District Court,* 17 Colo. 118, 129, 29 Pac. 454, 31 Am. St. Rep. 265. The refusal to revoke letters does not end the proceeding. The court can revoke them at any time, even upon the same state of facts. *McCluskey et al., Appellants,* 116 Me. 212, 214, 100 Atl. 977. It therefore was not a final judgment. See also *Flint v. Powell,* 10 Colo. App. 66, 50 Pac. 45; *Lipe v. Fox,* 21 Colo. 140, 40 Pac. 353; *Goodknight Adm'r v. Harper,* 70 Colo. 41, 43–45, 197 Pac. 237. Plaintiff in error having obtained a dismissal of the appeal on the strength of her proposi-

tion that the denial of revocation was not a final judgment and did not determine the heirship, and so having taken advantage of that proposition of law, she cannot now repudiate it and claim that the order was a final judgment. *Hinderlider v. Berthoud*, 77 Colo. 504, 512, 238 Pac. 64; *Githens v. Githens*, 78 Colo. 102, 104, 239 Pac. 1023, 43 A. L. R. 547; *Davis v. Wakelee*, 156 U. S. 680, 15 Sup. Ct. 555, 39 L. Ed. 578; *In re Maddison*, (N. M.) 255 Pac. 630; 10 R. C. L. 698.

But plaintiff in error says that the sufficiency of her plea of res adjudicata is admitted by filing a replication thereto. Such is not the rule under the code nor was it at common law. The sufficiency of a plea may be raised upon the evidence offered to sustain it. *Denver v. Lobenstein*, 3 Colo. 216, 219, is cited, but that was in chancery under the old practice where there was no demurrer to a plea but it must be set down for argument as to its sufficiency or its sufficiency was admitted. The admission in the replication of the facts pleaded to show res adjudicata does not admit that those facts constitute a good · plea. That is a question of law, to be determined whenever properly raised, e. g., when the case is tried.

That they constituted a good plea in the present case, however, cannot be conceded, because the judgment pleaded is not final.

The evidence is sufficient. We have read it with care, and the comments of the district court upon it. It is typically a case where the appearance of the witnesses must have been of weight to the trial court and we cannot disturb the decision.

The judgment is affirmed.