**LYONS SAVINGS AND LOAN ASSOCIATION, Plaintiff–Appellant,**

v.

**DIRE'S LOCK AND KEY COMPANY, a Colorado corporation; Donna Dire and Michael Dire as Personal Representatives of the Estate of Rose Dire; Donna Dire; and C.M. & D. Partnership, a Colorado general partnership, Defendants–Appellees.**

No. 93CA0828.

Colorado Court of Appeals, Div. III.

Oct. 20, 1994.

Robert Ausenhus, Loveland, for plaintiff-appellant.

Raphael M. Solot, Denver, for defendants-appellees.

Opinion by Judge DAVIDSON.

In this action to collect a deficiency on a promissory note, plaintiff, Lyons Savings & Loan Association (Lyons), appeals from the judgment in favor of defendants, Dire's Lock

and Key Co., Rose Dire, Donna Dire, and C.M. & D. Partnership. We affirm.

The following facts are undisputed. In 1982, a Colorado general partnership known as C.M. & D. Partnership was formed. Joseph Dire, Rose Dire, and Donna Dire owned a one-third interest in the partnership, and defendant Dire's Lock and Key Co. owned another one-third interest. The remaining partner filed a petition in bankruptcy and is not a defendant in this action.

In 1985, Joseph Dire signed a promissory note in favor of Lyons' assignor in the amount of $188,000. The note was secured by a deed of trust encumbering an apartment building. Neither the note nor the deed of trust contained any reference to the partnership. The note went into default and Lyons was the successful bidder at the subsequent foreclosure sale. Lyons did not notify any defendant of the default or the foreclosure.

Joseph Dire died in 1987. Lyons filed a claim against his estate for the alleged deficiency, but the claim was disallowed as untimely by the probate court. That ruling was affirmed on appeal. *See In re Estate of Dire,* 851 P.2d 271 (Colo.App.1993).

Lyons brought this action in 1991 to collect an alleged deficiency of approximately $128,-000 plus accrued interest. In its amended complaint, Lyons alleged that Joseph Dire had signed the note on behalf of the partnership. Defendants filed an answer which alleged that Dire had signed the note in his individual capacity.

Defendants then filed a motion for summary judgment asserting that, because none of them had signed the note, no defendant was liable for any deficiency. Lyons filed a response to the motion asserting that defendants were judicially estopped from denying that the note was a partnership obligation.

In support of this argument, Lyons relied upon the fact that Donna Dire, acting as Joseph Dire's personal representative in the probate proceeding, had signed an answer to interrogatories which indicated that Joseph Dire executed the note as nominee for C.M. & D. Partnership and that, in the inventory in the probate proceeding, the foreclosed property had been listed as partnership property. In addition, Lyons asserted that Michael Dire, as co-personal representative, had signed several claims on behalf of Joseph Dire's estate in bankruptcy litigation asserting that the note was a partnership obligation.

The trial court denied the motion for summary judgment and declared that Lyons' equitable claim of judicial estoppel would be tried to the court.

After a bench trial, the court found that the note and deed of trust were executed solely by Joseph Dire in his individual capacity. In addition, the trial court determined that plaintiff, "on the face of the note itself, knew that Joseph Dire was acting individually."

In considering the applicability of the judicial estoppel doctrine, the trial court found that, because the representations that the note was a partnership debt never developed into a position asserted after discovery of the true nature of the transaction, Donna Dire had made no intentional misrepresentations to the probate court. It further found that, because the representations had not been successfully asserted to Donna Dire's benefit in an earlier proceeding, the doctrine of judicial estoppel should not apply. The trial court also found that, because Michael Dire was not a party to the action, the pleadings filed in bankruptcy court could not be used to estop the defendants here. Accordingly, the court entered judgment for defendants.

Subsequent to the trial, Rose Dire died. By agreement of the parties, Donna and Michael Dire, in their capacity as her personal representatives, were substituted on behalf of her estate for purposes of this appeal.

## I.

■ Plaintiff first contends that the judgment should be reversed because defendants, as general partners, should be deemed jointly and severally liable for an obligation the deceased general partner was authorized to incur on the partnership's behalf. Relying upon § 7–60–109(1), C.R.S. (1986 Repl.Vol. 3A) and *A.B. Hirschfeld Press, Inc. v. Weston Group, Inc.,* 824 P.2d 44 (Colo.App.1991), *aff'd on other grounds,* 845 P.2d 1162 (Colo.

1993), plaintiff argues that the fact that the note appeared to have been signed in decedent's individual capacity is of no consequence if he, as a general partner, was authorized to bind the partnership. We are not persuaded.

An act of a partner which is not apparently for the carrying on of the partnership in the usual way does not bind the partnership unless it is authorized by the other partners. Section 7–60–109(2), C.R.S. (1986 Repl.Vol. 3A). The record before us demonstrates no basis for concluding that the loan proceeds were used for partnership purposes or to conduct its business. Accordingly, absent evidence showing that Joseph Dire was authorized to sign the note on behalf of the partnership, the decision of this court in *A.B. Hirschfeld Press, Inc. v. Weston Group, Inc.,* *supra,* is inapposite.

Here, the partnership agreement expressly provides that "no partner shall, without the prior written consent of the other partners on behalf of the partnership ... borrow money in the partnership name or use collateral owned by the partnership as security for loans." Further, plaintiff's counsel stipulated that, when it took an assignment of the note, plaintiff was unaware of the partnership and did not rely upon the credit of any defendant. Moreover, plaintiff's president testified that there were no documents in its files to show that it relied upon anyone but Joseph Dire for repayment of the note.

Under these circumstances, we conclude that the evidence supports the trial court's determination that the note and deed of trust were not executed on behalf of the partnership and were not partnership obligations. Accordingly, we may not disturb this ruling on appeal. *See M.D.C./Wood, Inc. v. Mortimer,* 866 P.2d 1380 (Colo.1994).

## II.

Plaintiff also contends that the trial court erred in concluding that the doctrine of judicial estoppel did not apply. We disagree.

### A.

■ In support of its contention, plaintiff first argues that, when defendant Donna Dire signed an inventory and answers to interrogatories in the probate proceeding as Joseph Dire's co-personal representative, she stated that the note was a partnership obligation. Plaintiff therefore argues that defendants were judicially estopped from asserting that the note was decedent's personal obligation. We disagree.

The doctrine of judicial estoppel has been applied in Colorado to preclude a party, as a matter of law, from adopting a legal position which conflicts with an earlier position taken in the same or related litigation. *Peters v. Peters,* 82 Colo. 503, 261 P. 874 (1927); *see also Hinderlider v. Town of Berthoud,* 77 Colo. 504, 238 P. 64 (1925); *In re Kessel,* 108 B.R. 281 (D.Colo.1989).

■ The essential function of judicial estoppel is to prevent the use of an intentional self-contradiction as a means to obtain an unfair advantage in the courts. *Allen v. Zurich Insurance Co.,* 667 F.2d 1162 (4th Cir.1982).

■ For application of the judicial estoppel doctrine, unlike the related doctrine of judicial admission, the conflicting position need not have been essentially undisputed in the preceding litigation and need not have been asserted in the same litigation or in litigation to which the party seeking to invoke judicial estoppel was also a party. *See Kempter v. Hurd,* 713 P.2d 1274, 1279 (Colo. 1986) ("A judicial admission is a formal, deliberate declaration which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute" and "generally continue[s] to have effect for a subsequent part of the same proceedings."); *see also People v. Garcia,* 826 P.2d 1259 (Colo.1992); *Larson v. A.T.S.I.,* 859 P.2d 273 (Colo.App.1993). "Because the doctrine focuses on the relationship between the party to be estopped and the judicial system, courts generally find that it may be invoked by a person who was not party to the first suit." *USLIFE Corp. v. U.S. Life Insurance Co.,* 560 F.Supp. 1302, 1305 (N.D.Tex.1983).

While accepted in Colorado, the doctrine has not been extensively developed. In oth-

er jurisdictions which have adopted the doctrine, however, it has become generally required that the party against whom estoppel is sought must have successfully asserted the contradictory position in the earlier proceeding. *See USLIFE Corp. v. U.S. Life Insurance Co., supra,* 560 F.Supp. at 1305 ("Under the more widely accepted approach … success in the prior proceeding is considered necessary for the estoppel to apply."); *see also Edwards v. Aetna Life Insurance Co.,* 690 F.2d 595, 599 (6th Cir.1982) ("In light of the policies underpinning judicial estoppel, the rule can not be applied in a subsequent proceeding unless a party has successfully asserted an inconsistent position in a prior proceeding."); *Konstantinidis v. Chen,* 626 F.2d 933, 939 (D.C.Cir.1980) ("[J]udicial estoppel should not be applied if no judicial body has been led astray. Accordingly, success in the prior proceeding is clearly an essential element of judicial estoppel.").

The rationale of these cases is persuasive. Prior successful assertion of a contradictory position risks inconsistent results. Conversely, if there has been no judicial acceptance of the contradictory position, the integrity of the judicial process is unaffected precisely because there is no risk of an inconsistent result. *See USLIFE Corp. v. U.S. Life Insurance Co., supra; cf. Allen v. Allen,* 550 P.2d 1137, 1142 (Wyo.1976) ("[W]here a [person] is successful in a position taken in a previous court proceeding, that position rises to the position of conclusiveness."); *Finley v. Kesling,* 105 Ill.App.3d 1, 60 Ill.Dec. 874, 433 N.E.2d 1112 (1982) (A party who successfully maintains a certain position in a legal proceeding may not thereafter assume a contrary position.).

We further conclude that the requirement of prior success is harmonious with the grounds upon which the doctrine was originally adopted in Colorado. *See Peters v. Peters, supra,* 82 Colo. at 507–08, 261 P. at 876 ("Plaintiff in error having obtained a dismissal of the appeal on the strength of her proposition that [the judgment of the trial court was not final] and so having taken advantage of that proposition of law, she cannot now repudiate it and claim that the order was a final judgment.").

Here, the record reflects that plaintiff's claim in the probate proceedings was dismissed because it was not timely filed and thus was not litigated on the merits. Therefore, the representation made by Donna Dire that the note was a partnership obligation has not been accepted by any judicial body. *Cf. Konstantinidis v. Chen, supra* (because the prior litigation was settled before trial, no favorable decision based upon a contradictory position had ever been obtained and judicial estoppel did not apply); *Edwards v. Aetna Life Insurance Co., supra* (because the previous proceedings resulted in an administrative settlement without resort to litigation, the plaintiff had not been successful in having his position adopted by any judicial body and judicial estoppel did not apply.).

Even if we assume that Donna Dire gained some advantage in the probate proceedings through this representation, despite the dismissal on procedural grounds, we agree with the trial court that the application of judicial estoppel is not warranted here. The doctrine's essential purpose is to prevent parties from deliberately shifting positions to suit the exigencies of the moment; it is not applied "when the prior position was taken because of a good faith mistake rather than as part of a scheme to mislead the court." *Konstantinidis v. Chen, supra,* 626 F.2d at 939. "Because the rule looks toward cold manipulation and not an unthinking or confused blunder, it has never been applied where [the assertions] were based on … inadvertence, or mistake." *Johnson Service Co. v. Transamerica Insurance Co.,* 485 F.2d 164, 175 (5th Cir.1973).

The trial court heard testimony from the attorney who prepared the inventory in the probate proceeding. The attorney testified that he prepared the statements pertaining to real property and encumbrances from information provided by another lawyer in his office building who had "been retained by the Dires to try and sort out the confusing amount of real estate transactions that their father had entered into prior to his death." The C.M. & D. Partnership agreement indicates that it was formed for the purpose of managing real property. The evidence pre-

sented at trial indicates the property securing the note at issue here may have been part of a group of properties which C.M. & D. Partnership had a hand in managing.

Donna Dire testified that she was uncertain if property managed by the partnership was also owned or purchased by the partnership. And, the evidence indicated that Joseph Dire operated the family businesses in a secretive manner which demanded little involvement on the part of Donna Dire, even though she was a partner in the partnership and an officer of Dire's Lock and Key.

Under these circumstances, we conclude that the evidence supports the trial court's determination that the prior inconsistent position was a result of confusion and mistake and not intentionally taken for the purpose of manipulating the probate proceedings. Accordingly, we will not disturb the trial court's ruling that the judicial estoppel doctrine was inapplicable. *See Federal Land Bank v. Colorado National Bank,* 786 P.2d 514 (Colo. App.1989) (trial court resolution of issue binding unless lacking in evidentiary support).

### B.

Plaintiff also argues that Donna Dire and the other general partners are judicially estopped by assertions made by Michael Dire in a bankruptcy proceeding because he was there acting as personal representative of the estate of a deceased general partner. Although Michael Dire was not a party to this suit either individually or as personal representative for the estate of Joseph Dire, and although he was never a general partner in the partnership, plaintiff contends that his assertions in bankruptcy court were made in his capacity as an agent of the partnership and therefore are binding upon the partnership and the other partners. Again, we disagree.

Plaintiff correctly notes that every partner is an agent of the partnership and thus has complete authority to bind the partnership by acts within the ordinary course of partnership business, *Ball v. Carlson,* 641 P.2d 303 (Colo.App.1981); § 7–60–109(1), and, after dissolution, a partnership is not terminated until all partnership business has been wound up. *Hooper v. Yoder,* 737 P.2d 852 (Colo.1987). However, plaintiff has cited no authority for the proposition that Michael Dire had any authority to bind the partnership or the surviving general partners by his independent actions taken as the personal representative of the deceased partner's estate.

According to the record, the partnership dissolved in 1987 upon the death of Joseph Dire and the bankruptcy of one of the general partners. Arguably, the distribution in the bankrupt partner's estate could be considered a part of the winding-up phase. Contrary to plaintiff's assertions, however, the estate of Joseph Dire held only his interest in the partnership property as prescribed by the partnership agreement and not his right to participate in partnership business. *See Walker v. Drogmund,* 101 Colo. 521, 74 P.2d 1235 (1937); *Mountain States Bank v. Irvin,* 809 P.2d 1113 (Colo.App.1991). Michael Dire, as personal representative of a deceased partner, did not succeed to any management obligations or duties and was therefore not acting as an agent of the partnership.

Plaintiff presented no evidence that Joseph Dire ever represented that the note was a partnership obligation. Although the other surviving partners also filed claims in the bankruptcy action, none of them alleged that the note was a partnership obligation.

As discussed, we agree with the trial court that the note was signed as a personal obligation of Joseph Dire. Michael Dire, as personal representative of his estate, is bound by that obligation and could not, solely by his assertions to the contrary, enlarge or diminish that obligation. *See Colorado National Bank v. Friedman,* 846 P.2d 159 (Colo. 1993). The trial court was thus correct in finding that Donna Dire was the only party to this suit whose statements could have triggered the application of judicial estoppel.

The judgment is affirmed.

JONES and NEY, JJ., concur.