CHARLES E. S. STOUFFER *vs.* BARBARA STOUF-
FER ET. AL.

*Executors and Administrators—Persons Entitled to Letters of
Administration—What Constitutes Disqualifica-
tion—Proof of Intestacy.*

Upon death of a person intestate, leaving as his next of kin one
brother and three sisters, the brother is entitled to letters of
administration on his estate, under Code, Art. 93, sec. 21,
which provides that brothers and sisters shall be preferred
in the grant of administration if there be neither husband,
nor widow, nor child, nor grandchild, nor father of the de-
ceased; and under sec. 23, which provides that in the grant
of letters males shall be preferred to females in equal degree
of kin.

The qualifications of an administrator are declared by Code,
Art. 93, sec. 17, to be the same as those prescribed for an
executor. Art. 93, sec. 51; provides that the person named as
executor must not be under eighteen years of age, at the time
of administration, or of unsound mind, incapable of making a
contract, or convicted of any infamous crime, or an alien.
Art. 93, sec. 31, also provides that if a person entitled to ad-
minister, be incapable, administration may be granted in the
discretion of the Orphans' Court. The application for letters
of administration made by the person entitled thereto under
the statute was answered by a petition alleging that he was not
the proper person for the trust, and that he was incapable
and incompetent to administer the estate to the advantage of
the parties concerned. *Held,* that the evidence fails to show
that the applicant was incapable within the meaning of that
term as used in the statute, and that the Orphans' Court has
no power to refuse to grant letters to him.

Under Code, Art. 93, sec. 16, the Orphans' Court is not author-
ized to grant letters of administration upon the estate of a
decedent without proof that he died intestate.

*Decided March 22nd, 1909.*

Appeal from the Orphans' Court of Washington County.

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON,
JJ.

*H. F. Wingert,* for the appellant.

*Frank G. Wagaman* (with whom was *Albert J. Long* on the
brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The controversy in this case involves the right to letters of
administration upon the estate of Hiram D. Stouffer, late of
Washington County, deceased.

Mr. Stouffer died on the 7th of November, 1908, unmar-
ried, but leaving Charles E. Stouffer, the appellant, a surviv-
ing brother, and three sisters, as next of kin. Two of the sis-
ters are unmarried.

On the 17th of November, 1908, the brother applied to the
Orphans' Court of Washington County for letters of adminis-
tration upon the estate of the deceased.

Subsequently, on November 20, 1908, Barbara Stouffer,
Mary Stouffer and Emma Wolfkill, the three sisters, filed a
petition in the Orphans' Court wherein they allege that
Charles E. Stouffer, applying for letters of administration, "is
not the proper person for the trust, and is incapable and in-
competent to administer the estate and of serving as admin-
istrator upon the estate of the decedent, to the advantage and
interest of the parties concerned."

The record shows that this petition was set for hearing on
the 30th day of November, 1908. Testimony was taken, and

on the 15th day of December, 1908, the Orphans' Court passed the following order:

"The application of Charles E. S. Stouffer for letters of administration upon the personal estate of Hiram D. Stouffer, late of Washington County, deceased, the testimony and other proceedings had in said matter having been read and considered—

"It is thereupon this 15th day of December, 1908, by the Orphans' Court of Washington County ordered that the said application of the said Charles E. S. Stouffer be and the same is hereby refused, and letters of administration upon the personal estate of Hiram D. Stouffer, deceased, is denied to the said applicant, Charles E. S. Stouffer. Costs to be paid out of the estate of Hiram D. Stouffer, dec'd." And it is from this order that an appeal has been taken to this Court.

The rules of law by which the Orphans' Courts of this State are to be controlled in granting letters of administration, whether to lineal or collateral relations, males or females, married or unmarried, are well settled, both by statutes and the decisions of this Court.

In *Pollard, Admr.,* v. *Mohler,* 55 Md. 289, it is said the right of administration is one not resting in the discretion of the Orphans' Court, but is founded on positive law.

By section 21 of Art. 93, Code of Public General Laws, it is provided, if there be neither husband, nor widow, as the case may be, nor child, nor grandchild, nor father, brothers and sisters, shall be preferred, and next to brothers and sisters, the mother shall be preferred.

And by section 23 of the same Article it is further provided males shall be preferred to females in equal degree of kin.

In the present case it is conceded the decedent left no widow, child, grandchild, or father, but left one brother, the appellant, two unmarried and one married sister. The brother alone applied for letters of administration, but upon objection of the sisters, treating their petition as an answer to the appellant's petition for letters of administration, his application was refused and denied by the Orphans' Court.

The sole inquiry then is whether or not the appellant, who is the only surviving brother of the deceased, ought to have been appointed administrator under the facts of this case by the Orphans' Court of Washington County. There is a minor question arising on the pleadings and testimony, and that will be considered later.

It is clear, we think, that the appellant has by law the right to letters of administration upon his brother's estate if he is capable and qualified to discharge the trust. There being neither widow, nor child, nor grandchild, nor father, in this case, brothers and sisters are designated by the provisions of the Code as the class entitled to administration. And the rule of preference, that males shall be preferred to females in equal degree of kin, is carefully laid down by the statute.

In *Carpenter* v. *Jones,* 44 Md. 628, this Court said: "But few cases can arise in this State, where the appointment of an administrator is within the discretion of the Orphans' Court. The person entitled is generally designated by our statute, and when so designated the requirement of the statute must be strictly obeyed." *Nutz et al.* v. *Grove,* 27 Md. 400; *Kearney* v. *Turner,* 28 Md. 423; *McColgan, Admr.,* v. *Kenny,* 68 Md. 260; *Georgetown College* v. *Brown,* 34 Md. 455.

In *Cook* v. *Carr,* 19 Md. 4, the Court said: "In this case the appellant and Virginia Carr, although related to the decedent in equal degree, do not stand equal in right to the administration of her estate. The Code declares a preference of the male relative for administration over the female of the same degree of relationship which the Orphans' Court should have observed. Under that provision of the testamentary law, the right of administration vested in the appellant, notwithstanding his indebtedness to the estate of the decedent, and the Orphans' Court had neither jurisdiction nor power to deprive him of it by the order passed."

But the contention is that the appellant is incapable and does not possess the business qualifications to discharge the

duties of the trust. We do not think this contention is supported by the proof.

By section 17, Art. 93, of the Code, it is declared: "The qualifications of an administrator shall in all respects be the same as herein prescribed for an executor, and all questions touching such qualifications shall be tried and determined by the same proofs, and in like manner." By section 51 of Art. 93, the disqualifications of an executor are thus stated: "If any person named as executor in a will shall be, at the time when administration ought to be granted, under the age of eighteen years, or of unsound mind, incapable according to law of making a contract, or convicted of any crime rendering him infamous according to law, or if any person named as executor shall not be a citizen of the United States, letters testamentary or of administration (as the case may require) may be granted in the same manner as if such person had not been named in the will."

Now, it is very apparent, we think, from an examination of the record that the appellant does not fall within any of the disqualifications stated in the statute last quoted. Nor was he "incapable" within the meaning of section 31 of Art. 93 of the Code, which provides, if there shall be neither husband, nor wife, nor child, nor grandchild, nor father, nor brother, nor sister, nor mother, or if these be incapable * * * administration may be granted at the discretion of the Court.

Ample provisions have been made by statute to secure the proper and efficient administration of estates. There is but little left to the discretion of the Orphans' Court in the appointment of administrators, and the Court is required to make judicial inquiry whether the party dying left a will.

By section 14 of Art. 93 of the Code it is provided that whenever any person shall die intestate, leaving in this State personal estate letters of administration may forthwith be granted by the Orphans' Court of the county wherein was the party's mansion house or residence. And by section 16 of the same Article it is declared it shall be incumbent on the person

applying for administration to prove such dying intestate to the satisfaction of the Court, unless the same be notorious, and the Court may examine such person on oath, touching the time, place and manner of death and whether or not the party dying left any will; and if such dying intestate be not proved to the satisfaction of the Court no administration shall be granted. No such administration shall be granted until at least twenty days after the death of the supposed intestate and at least seven days after application therefor.

In this case, while the petition alleges that Hiram D. Stouffer, late of Washington County, departed this life on the 7th day of November, 1908, intestate in Washington County, there is no proof set out in the record showing that he died intestate (whether or not he left a will), or tending to show his intestacy was a notorious fact, as required by the statute.

It is clear, upon all the authorities, that in the absence of such proof, and upon the state of proof, before the Orphans' Court at the date of the order of the 7th of December, 1908, upon this branch of the case, no letters of administration could have been granted to anyone by the Orphans' Court of Washington County. *Emmert* v. *Stouffer et al.,* 64 Md. 552.

But it is entirely competent for the Orphans' Court to require the person applying for administration to produce proof to their satisfaction of the intestacy of the deceased, if such be a fact, unless the same be notorious, and upon the production of the proper proof, to grant letters of administration to the person entitled by law.

Inasmuch, then, as the appellant's petition in this case was not dismissed by the order of the Orphans' Court, passed on the 15th of December, 1908, but the order simply denied the appellant's application for letters of administration, we will reverse the order appealed from and remand the case for further proceedings—that is, that the Court may take such evidence as to the intestacy of Hiram D. Stouffer, deceased, as the parties may see fit to offer, and that the Court may finally

order and decree, as the facts of the case may require, upon a new trial in accordance with the views expressed herein.

> *Order reversed and cause remanded for*
> *further proceedings, costs to be paid out*
> *of the estate.*