No. 11,693.

Koshir *v.* Snedec, Administrator.

Decided June 27, 1927.   Rehearing denied September 12, 1927.

On petition to set aside allowance of claim and for re-
moval of administrator.   Petition denied.

*Reversed.*

1.  Appearance—*Special and General.*  One who entered a special appear-
    ance for the purpose of moving to strike a petition from the files and
    thereafter appeared and without objection participated in the argu-
    ment of the motion to strike, thereby entered a general appearance.

2.  Motions—*Action Pending.*  One who, without objection, participates
    in the argument of a motion to strike a petition from the files which
    motion was by the court treated as a general demurrer, will not be
    permitted to assert on review that the cause was not properly pend-
    ing before the court at the time of the ruling on the general demurrer.

3.  Executors and Administrators—*County Court Powers.*  The county
    court has power at any time before the approval of a final report, to
    set aside allowance of claims theretofore made, even after the lapse
    of the term at which the judgment of allowance was entered.

4.  *Removal of Administrator—Sufficiency of Petition.*  Petition of a
    surviving husband to remove 'the administrator of his wife's estate
    and to set aside an order allowing a claim against it alleged to have
    been procured by fraud, held to state grounds for the relief sought.

*Error to the District Court of Pueblo County, Hon. James
A. Park, Judge.*

Mr. John A. Martin, for plaintiff in error.

Mr. Matt J. Kochevar, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the
court.

Rosie Koshir died intestate April 11, 1922, leaving her husband as her sole heir at law. The only property of which she died seized and possessed was an undivided one-half interest in real estate situate in Pueblo county, the other undivided one-half interest in which was owned by her husband. The husband, neither as the sole heir at law nor next of kin, applied for letters of administration within the period of time prescribed by section 5222, C. L. 1921, or at all. Thereafter and on September 5, 1922, John C. Snedec was appointed administrator of the estate by the county court of Pueblo county on petition of his father, John Snedec, as an alleged creditor of the estate. The appropriate legal notice of adjustment day was published by the administrator. A claim of John Snedec for $402.00 was thereafter filed in the county court and without objection on the part of the administrator it was allowed by the court without hearing or proof on October 16, 1922.

During all this period of time the plaintiff in error, the husband of the intestate, resided in Pueblo. On April 24, 1925, he filed his petition in the county court to set aside the allowance of this claim and asked for the removal of the administrator. The administrator filed a motion to strike from the files and to dismiss this petition upon the grounds that it was not filed in apt time; that notice of the hearing of the claim was duly given; that the said Frank Koshir did not apply as an heir at law or next of kin to the court for appointment as administrator within the time allowed by law, or at all; that the petition contained conclusions only, not facts, and does not state valid grounds for any relief, and that Koshir was estopped by his conduct and failure to act in due time to be heard with this petition. The county court denied this petition and sustained the motion to strike it from the files. From the judgment of the county court Mr. Koshir perfected an appeal to the district court. Upon a hearing in the district court the same motion to the original petition which was sustained by the county court was sus-

tained by the district court. Thereafter on February 19, 1925, plaintiff in error filed his motion to reconsider this ruling which was denied by the district court. Plaintiff in error did not ask for or apply for leave to file an amended petition, but apparently announced his intention, which he then entertained, to have the matter reviewed in the Supreme Court, but did not sue out in the latter tribunal a writ of error for that purpose. Plaintiff in error's motion in the district court to reconsider was denied March 14, 1925, and on August 20, 1925, without first having obtained permission or leave of court and without notice at the time to the administrator, and after, as it is said, the files and proceedings in the cause had been certified and transmitted to, and filed in, the county court, plaintiff in error filed in the district court his amended petition to set aside the order of the county court denying his application to vacate the allowance of the claim of the administrator's father against the estate and for the removal of the administrator. To this amended petition of plaintiff in error the defendant in error filed his motion to strike, which the court treated as a demurrer, and made an order sustaining the demurrer. From this final order of the district court this writ of error is being prosecuted.

Nowhere in the record did the county court or the district court, in making any of the orders above set forth, state the ground upon which its decision adverse to the plaintiff in error was made. We can only infer from the argument of the defendant in error here that these orders were made because the applications of the plaintiff in error were not made in apt time. We think unquestionably this is the ground upon which what is designated the original petition of plaintiff in error was denied by both courts. We can scarcely believe that the adverse ruling of the district court, on the amended petition, would have been made unless that tribunal deemed the same not made in apt time, for, as we shall hereinafter determine, the amended petition on its merits demanded a favorable

ruling. The principal assignment is that the amended petition was not regularly or properly before the district court, (1) because no leave of court was first had and obtained for the filing of the same, (2) no notice of filing was given to the administrator. Both contentions are based upon the assumption that when the district court sustained, as a demurrer, the motion of the defendant in error to strike the amended petition of the plaintiff in error from the files, the cause at that time was no longer pending in the district court because the final motion to reconsider, filed in the county court, had been denied in the appellate district court, and all the papers and the orders and proceedings therein had been certified and the cause remanded to the county court. The record does not sustain this contention. When the district court in ruling upon the amended petition which is now before us, treated the same as a demurrer, we must indulge the presumption that the district court knew what its own records and files were pertaining to this appeal, and entertained this demurrer upon the theory that the cause was still there pending; otherwise, the court would not have considered the motion to strike as a demurrer, but would have entertained it as a motion to strike if the same had been based upon the ground that the cause was no longer there pending. It is true that in his motion to strike the amended petition from the files, the defendant in error limited his appearance for the purpose of that motion only, but notwithstanding that special appearance he thereafter appeared by his counsel and participated in the argument upon this motion to strike, treated as a demurrer by the court, and thereby entered a general appearance and participated without objection in arguing what was treated as a general demurrer, which must have been upon the supposition, indulged by court and counsel alike, that the cause was there pending. Defendant in error, therefore, may not be permitted to assert here that this cause was not properly still pending in the district court, at the time of its ruling upon his general demurrer to the amended petition.

Without setting forth in detail the contents of this amended pleading we say that it stated good grounds, if established at a hearing, for setting aside the allowance of the order of the county court approving the claim of the defendant in error against this estate. Under the decisions of this court (*McLaughlin v. Rote,* 62 Colo. 505, 163 Pac. 841, and *Clemes v. Fox,* 25 Colo. 39, 53 Pac. 225), the county court had the power and jurisdiction, at any time before approval of the final report, or final settlement, to set aside the allowance of claims theretofore made, even after the lapse of the term at which the judgment of allowance was made. This amended petition of plaintiff in error sufficiently sets forth that his intestate wife was not indebted to the claimant in any sum whatever; that his wife left no property or estate except this undivided interest in the lots in question which was of the value of about $500; that no other claim than that of John Snedec has been filed against her estate; that the alleged debt, if any, that was filed by John Snedec was contracted by a former husband of the intestate Rosie Koshir sixteen years before her death, and that Rosie was not liable for the debt, or the payment thereof, which had long before been barred by the statute of limitations, and in no event constituted a valid claim against the Koshir estate, and that filing of such claim by the claimant and the allowance thereof by the administrator was a fraud upon the petitioner and upon the court which made the allowance; that the administrator and his father, the claimant, acted in collusion in securing the appointment of the administrator and in the securing of the allowance of a fraudulent and fictitious claim, which would have been resisted by the petitioner had he known the pertinent facts. A sufficient prima facie showing, at least, was made in the amended petition for petitioner's failure to apply for letters of administration upon the estate of his deceased wife; he was a foreigner, unable to read any legal or other published notice which was in the English language; that all of the time after the death

of his wife he continued to live upon these premises to the knowledge of the administrator and of his father, the claimant, and that no actual notice whatever was given to him of the intention to file or prosecute this claim against the estate, and he had no knowledge thereof until it was too late to appeal from the judgment of allowance within the statutory period, and that the plaintiff's application for relief was made as soon after he acquired knowledge of the same as he was able to act after his recovery from a serious illness with which he was afflicted at the time. We are impressed with the conviction that both courts refused plaintiff in error relief, and proceeded, particularly did the district court proceed, in sustaining the demurrer to the amended petition, upon the mistaken assumption that the application therefor was not in apt time. Under our decisions above cited, it not appearing here that the administration was closed, or that a final report of the administrator had been filed, or the estate settled, the petitioner, plaintiff in error here, should be allowed to have his amended petition considered on its merits. If our Code of Civil Procedure applies as to the time of filing the amended petition, as to which we express no opinion, compliance was made with section 81 of the Code of Civil Procedure which fixes the time within which such applications are to be made.

Judgment reversed, further proceedings, if any, to be not inconsistent with the views herein expressed.

Mr. Justice Denison, though hearing the oral argument, did not participate in the decision.