No. 13,009.

Estate of Webb.
THOMPSON ET AL. *v.* JACK.
(10 P. [2d] 947)

Decided March 28, 1932.    Rehearing denied April 25, 1932.

Mr. JOHN B. O'ROURKE, Mr. E. M. SABIN, for plaintiffs in error.

Mr. BENJ. B. RUSSELL, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

JOHN Webb died at Durango, Colorado, on October 12, 1930, possessed of a considerable estate consisting of liberty bonds, savings account, notes and other securities and cash, but no real estate. He had no known heirs and left no will. Almost immediately upon his death a mad scramble for appointment as administrator began, which resulted in the appointment of I. N. Jack as administra-

tor to collect. On November 3, 1930, all of the alleged creditors of the deceased, except one thereof, filed their petition in the county court requesting the appointment of one of their number, Clyde Thompson, as administrator, which petition was, by the county court, on November 7, 1930, set for hearing and determination on November 10, 1930. While the petition for the appointment of Thompson was being heard by the county court, I. N. Jack, who was the duly appointed and qualified administrator to collect, but who does not claim to be a creditor of the estate, filed his petition requesting his appointment as general administrator, and on the same day, and under the same circumstances, Silas W. Smith, claiming to be a creditor of deceased, filed his petition asking that I. N. Jack be appointed administrator, or in event that I. N. Jack should not be appointed, that he, Smith, be appointed as general administrator. Immediately upon the filing of the petition of I. N. Jack, and the Smith petition asking the appointment of I. N. Jack, or in the alternative, Silas W. Smith, Clyde Thompson and other creditors filed a motion for a change of venue alleging that the judge of the county court and I. N. Jack were brothers-in-law, and that the attorney appearing for I. N. Jack was a brother of the judge of the county court, before whom the petition was being considered. The county judge denied the motion for a change of venue, assigning as his reason that it was filed too late.

During the period between Webb's death and the hearing just referred to, numerous petitions, objections and protests respecting the administration of the estate were filed, but we deem it unnecessary to notice these here. At the conclusion of the hearing in the county court, the judge thereof made certain findings of fact and assigned various reasons for denying both the Thompson and the Smith petitions and granted letters of administration to I. N. Jack, his brother-in-law. An appeal to the district court was perfected by Thompson and his petitioning creditors, where, upon trial commencing December 19,

1930, a judgment was rendered on January 12, 1931, affirming the action and judgment of the county court. The motion for a new trial, filed by Thompson and his petitioning creditors in the district court on January 26, 1931, was denied by the district court on October 9, 1931. Thompson sued out this writ of error on December 22, 1931.

The only assignment of error which we deem it necessary to consider for a complete determination of this cause is the construction of section 5222, C. L. 1921, and the rights of creditors thereunder. That part of section 5222 which is pertinent herein, reads as follows: "Administration shall be granted to the husband or the widow or next of kin of an intestate, or some of them, if they will accept the same and are not disqualified, but in all cases the husband or widow shall have the preference; but if no husband, widow or other relative of the intestate shall apply within twenty days from the death of such intestate, the county court. may grant administration to any creditor who shall apply for the same; and in case no such application be made by any creditor within ten days next ensuing the lapse of said term of twenty days as aforesaid, or in case of the filing in such court by the husband, widow or next of kin, a written relinquishment of his or her right to administer said estate, administration may be granted to such person as the county judge may think will best manage the estate; * * *."

Neither widow nor next of kin applied for appointment, nor was the written relinquishment of this right to administration filed by them in the county court. It is also unquestioned that Dr. Rensch, who was the personal physician of the intestate and in attendance upon him during his last illness, was a creditor of decedent at the time of his death; that Thompson, at whose house deceased lived for some months prior to his demise, was also a creditor of decedent; that deceased was indebted to the Parsons Drug Company in some small amount for drugs furnished during his last illness, and that these creditors all signed

the application for Thompson's appointment, as did also Mattie J. Hood who was the mortician in charge of the burial of decedent. Silas W. Smith claimed to be a creditor of decedent's, which claim is controverted, but with Smith's status we are not concerned, because his request for his own appointment was denied.

In order to determine the rights of Thompson to appointment as administrator, we ascertain: (1) Whether the statute (section 5222, C. L. 1921) gives a creditor, who is not legally disqualified, a preferential right to an appointment under the circumstances here; (2) does the statute, supra, vest any discretion whatever in the county judge, under the circumstances here, and (3) what, if any, consideration should the county judge give the Smith petition requesting the appointment of I. N. Jack?

1. We understand the contention of I. N. Jack to be that the widow or next of kin is granted a preferential right to appointment as administrator, provided she or they apply for such and are not disqualified; but in event this application is not made, then the county judge is vested with a discretion to appoint either a creditor or any other person. This contention is made, as we understand counsel, because the statute provides: "* * * but if no husband, widow or other relative of the intestate shall apply within twenty days from the death of such intestate, the county court *may* grant administration to any creditor who shall apply for the same; and in case no such application be made by any creditor within ten days next ensuing the lapse of said term of twenty days as aforesaid, * * * administration may be granted to such person as the county judge may think will best manage the estate; * * *." Thompson contends that the statute above quoted gives him, as a creditor, a preferential right to the appointment as administrator as against I. N. Jack, who is concededly a noncreditor. If the word "may," as used in the quoted portion of the section above, is permissive, I. N. Jack's contention is correct; otherwise Thompson's. If I. N. Jack's contention is cor-

rect, the legislature did a meaningless and utterly useless thing when it provided any period whatever after the granting of the twenty days within which the husband, widow or next of kin might exercise their preferential right to appointment, because we know of no statute, and our attention has been directed to none, which precludes creditors from the office of administrator; and if the statute is to be construed as I. N. Jack would have us do, the ten-day period specifically provided, within which creditors might apply for administration, is fruitless of any purpose, because the county judge might, within that time, select a noncreditor for the appointment, without in any legal manner disqualifying the creditor.

2. It is a well recognized rule of interpretation that every law is adopted as a whole, and to ascertain the legislative intent the court must consider not isolated words and expressions, but the entire statute; and it is equally true that words used in a statute should be construed and given such meaning, if possible, as to avoid absurd and unjust results and conclusions. With these rules in mind, we are constrained to hold that the word "may," as used in section 5222, supra, in connection with creditors, is synonymous with and equivalent to the words "must" or "shall." Section 5222, supra, was undoubtedly intended by the legislature to give creditors, who were otherwise qualified, a preferential right to the appointment as administrator of intestate estates. We have examined the entire record, and, while it discloses that the county judge found "that by reason of the manifestation of ill will, bitterness and hatred on the part of the Petitioners, save and except the Petitioner, I. N. Jack, and the filing of a multiplicity of Petitions, Protests and Motions, that an embarrassing situation does exist herein, and that by reason thereof, the administration of said estate may be embarrassed," and therefore determined upon the appointment of his brother-in-law as administrator of this estate, yet there is not a scintilla of evidence showing any legal disqualification of Thompson,

and, in the absence of this showing, it was error to refuse his appointment.

Statutes which establish priorities of those preferentially entitled to administer estates are mandatory, and may not be disregarded by courts if the person entitled to the preference is not otherwise disqualified, and this disqualification must be made to appear by competent evidence, and the burden of showing the disqualification is upon the one asserting it. Schouler on Wills (6th Ed.), vol. 3, p. 1793, §1593; Bancroft's Probate Practice, vol. 1, 443; Abbott's Probate Law, vol. 1, 426; Woerner's American Law of Administration (3d Ed.), vol. 2, 807; 11 R. C. L. 34; 23 C. J. 1032; 11 A. & E. Enc. of Law (2d Ed.), 767; *Hall v. Thayer,* 105 Mass. 219, 224; *Cooper v. Cooper,* 43 Ind. App. 620, 621, 88 N. E. 341; *In re Morgan's Estate,* 209 Mich. 65, 74, 75, 176 N. W. 606; *Welsh v. Manwaring,* 120 Wis. 377, 378, et seq., 98 N. W. 214; *In re Campbell's Estate,* 192 N. Y. 312, 85 N. E. 392; *Stouffer v. Stouffer,* 110 Md. 368, 371, 72 Atl. 843; *Moran v. Moran's Administrator,* 172 Ky. 343, 346, 347, 189 S. W. 248.

3. The nomination of I. N. Jack by Silas W. Smith, an alleged creditor of the deceased, did not empower the county court to make the appointment, because under the statute, section 5222, supra, no power of nomination is conferred upon creditors, and no relinquishment of Smith's right to appointment, as a creditor of the deceased, could inure to the benefit of I. N. Jack, because the only provision with reference to relinquishments in the statute pertains to the relinquishment of the husband, widow, or next of kin.

An examination of the record justifies the statement that I. N. Jack may have had an interest in this appointment other than that of the promotion of harmony among the creditors of this estate. His report as administrator to collect would indicate that, if for no other reason, the estate would be saved considerable expense, if it had been possible in as populous a district as Durango to

have found one qualified to properly perform the duties pertaining to this office who resided within the city rather than at a distance of twenty miles therefrom. In a matter so bitterly contested as this, it is rather unfortunate that no qualified person other than the brother-in-law of the county judge could be found for the office.

The record discloses that I. N. Jack was an interloper in this estate matter, and by reason of his unwarranted interference herein, much delay and expense has been incurred. The judgment of the district court is accordingly reversed, and the cause remanded, with instructions to vacate and set aside its judgment herein, and to enter a judgment reversing the action of the county court, and ordering the county court to appoint Clyde Thompson as administrator of the estate of John Webb, deceased. It is further ordered that the costs in this court and in the district court be assessed against I. N. Jack, individually.

Mr. Justice Moore not participating.