No. 14,264.

Estate of Zeilinger, an Insane Person.

Flowers *v.* Zeilinger, Conservator.
(81 P. [2d] 879)

Decided July 11, 1938.

Messrs. McHENDRIE, SHATTUCK & POINTER, for plaintiff in error.

Messrs. PHELPS & GOBIN, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as Flowers and the conservator respectively.

In the county court Flowers moved to discharge the conservator. The motion was denied. Flowers appealed to the district court. The conservator moved to dismiss because the order appealed from was not final. The district court so held and entered judgment accordingly. To review that judgment this writ is prosecuted. There are three assignments, but all are included in the first, which reads: "In finding and holding that an order denying a petition for the removal of a conservator of the estate of an insane person is not a final judgment or decree, and is, therefore, not such an order as may be appealed from." We have heretofore held that denial of a petition to revoke letters and discharge an administrator was not such a final judgment as would support the plea of res judicata. *Peters v. Peters,* 82 Colo. 503, 261

Pac. 874. If that be correct, an order overruling a motion to discharge a conservator is not an appealable judgment. This is admitted in the briefs and we are now asked to overrule the Peters case. The propriety of so doing is the sole question before us. Before considering it we note that that decision was handed down en banc by a unanimous court and has apparently stood unchallenged, and unmodified by legislation, for more than eleven years. If it is now to be overruled, our duty to do so must be clear and the record before us compelling.

■ It is contended that since an order of removal is final as to the party removed, hence appealable, an order denying removal is final as to the complainant, hence appealable, otherwise the litigants are not given equal consideration. But appealability depends on the effect of the order, not on the litigant. Clearly such an order would always be res judicata in the first instance because administrator or conservator is out and another in his place and as to him the matter is closed. Just as clearly it might not be in the second because administrator or conservator might still be removed. Hence, because an order granting relief is final it does not follow that an order denying relief is equally so. The answer depends not upon the parties but upon their status after the order is entered. When a sentence of death is about to be executed an executive order staying it is not final, the man may still die; but an order refusing a stay is final, the man is dead.

■ Further, for present purposes, we assume, without deciding, that our pronouncement in the Peters case was too broad. For instance, that while, in certain cases, as where the charges against a conservator involved conduct which could be corrected and controlled by court order, the refusal to discharge would not be final, and that in others, as in case of the absolute disqualification of the conservator and his inability to qualify, it would be. It is therefore apparent that a correct answer to the question propounded necessitates a consideration of the reasons assigned for the discharge   On this point we are left

wholly in the dark. The abstract before us is brief and is unaided by reference to the complete record. It recites: "Record lodged in the district court on the 6th day of August, A. D. 1936, upon appeal from a judgment of the county court." It further discloses that the county court took evidence and heard argument. Since the trial, if any, in the district court would be de novo we must assume that the record lodged was complete, including the motion to discharge. We have the order of the court refusing the discharge, but stating no findings of fact or conclusions of law, and the judgment of the district court dismissing the appeal, with the reason given therefor. We know nothing of the reasons for discharge recited in the motion since that motion is not in the record. The reason assigned for dismissal of the appeal, recited in the motion in the district court, is that an order refusing to discharge is not a final judgment. The reason given by the district judge for dismissal is the same. But it must be remembered that courts of review do not concern themselves with the reasons given by trial courts for their judgments, but only with the correctness of those judgments. Since all presumptions favor a judgment, the duty devolves upon him who questions its legality to present the record which discloses its error. If the motion in the county court to discharge, with reasons assigned, were before us it might disclose no finality, and in that event the judgment of the district court would be correct regardless of the reason given for it. For aught we know this record may be capable of amendment, but as it comes to us it is so defective as to be impotent to present the question to which an answer is here sought, and wholly insufficient to justify a reexamination of the Peters case.

The judgment is accordingly affirmed.

Mr. Justice Bouck not participating.