No. 15,632.

ESTATE OF OVE.
HANDLEY *v.* HILLIARD.
(163 P. [2d] 651)

Decided September 24, 1945. Rehearing denied November 13, 1945.

Messrs. GRANT, SHAFORTH & TOLL, for plaintiff in error.

Messrs. BARKER & WEBSTER, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

ARTHUR OVE died at Kansas City, Missouri, January 24, 1945. Nine days later one McGuire of Lowell, Massachusetts, filed a petition as a creditor in the county court of the City and County of Denver, alleging that there was intestate personal estate of decedent in Colorado of the value of $500 or more, and asking for the appointment of defendant in error Hilliard as adminis-

trator of the estate. The petition was granted and letters issued the same day. February 12, nineteen days after Ove's death, plaintiff in error, Audrey Ove Handley, filed petition showing that she was the daughter and sole heir of Arthur Ove; that there was no relative within the State of Colorado who would administer upon decedent's estate, and that a domiciliary administrator had been appointed in Jefferson county, Missouri. In her petition she nominated Arthur Maroney, a qualified citizen of the City and County of Denver, as administrator, and prayed for revocation of the letters issued to defendant in error Hilliard and for appointment of Maroney' as administrator of said estate.

Thereupon defendant in error filed motion to strike from the files the Handley petition as not setting up facts entitling petitioner to relief and on hearing thereon his motion was sustained. From this ruling appeal was taken to the district court where, on motion of defendant in error, the appeal was dismissed on the ground that the order appealed from was not a final order and that the petition of plaintiff in error was legally insufficient to entitle her to relief.

The matter is here presented on application for supersedeas and upon request of plaintiff in error we shall make final disposition of the case upon such application for the reasons that the record is very brief; the necessary facts for decision undisputed; the questions of law involved few and the situation such that if the case is left for consideration in due course, in all probability before decision by this court the present administrator will have fully administered the estate and the case thereby have become moot.

█ It is urged by defendant in error that reversal should be denied for the reason that the order sought to be reviewed was not a final order, and our attention is directed to *Peters v. Peters,* 82 Colo. 503, 261 Pac. 874, as supporting that contention. In that case, Stella Peters, claiming to be the widow, was appointed administratrix.

Petition of a son alleging that she was not the widow and asking for revocation of her letters was denied by the county court. He thereupon appealed to the district court where Stella Peters procured dismissal of his appeal on the ground that the order of the county court denying revocation was not a final judgment. Thereafter, upon the hearing on petition for determination of heirship in the estate, she insisted that the order denying revocation of her appointment was a final order and that the prior determination of her marriage as prerequisite for her appointment as administratrix was res judicata. This latter contention we denied. The question whether an order appointing an administrator or an order refusing to revoke letters is an *appealable* order was not at issue in that case. Such an order may well be final in the sense that it is appealable and yet not final in the sense of being res judicata. *McCluskey et al., Appellants,* 116 Me. 212, 100 Atl. 977, the case cited by this court as authority against the finality of such an order, involved an appeal from an order removing an administrator, and the appeal was entertained although the order was held not res judicata. This distinction is borne out by the fact that at the same term at which the Peters case was decided by this court, there was also decided the case of *Koshir v. Snedec,* 82 Colo. 245, 259 Pac. 4. There, Snedec had been appointed administrator, and the husband of the intestate filed petition asking for his removal. On motion of the administrator this petition was ordered stricken from the files, and on appeal such order was sustained by the district court, making a record very similar to the one now before us. On review, we said, speaking through Mr. Justice Campbell: "From this final order of the district court this writ of error is being prosecuted," and the judgment below was reversed. In the Koshir case, we held the order final as being appealable, while in the Peters case we held the order not final as being res judicata of the finding of heirship.

Again, in *Estate of Bourquin,* 84 Colo. 275, 269 Pac. 903,

one Grant was appointed administrator c. t. a. and Weiss, upon being defeated below in his attempt to have Grant's letters revoked and himself appointed, brought the cause to this court on error where the matter was determined on the merits.

Again, in *Rosenboom v. Cline,* 90 Colo. 1, 6 P. (2d) 453, order appointing Dennis as administrator was vacated upon petition of decedent's mother. On appeal to the district court this order was reversed and the administrator reinstated. The case was brought here and considered on its merits.

Still again, in *Thompson v. Jack,* 90 Colo. 470, 10 P. (2d) 947, Jack was appointed administrator. Petition was filed by creditors requesting the appointment of Thompson, one of the creditors. Upon this petition being denied, both in the county court and on appeal in the district court, the issue was brought here on error and the judgment reversed with instructions to enter a judgment reversing the action of the county court and ordering it to appoint Thompson as administrator.

From these decisions of this court it appears that, notwithstanding the statement in the Peters case that a refusal to revoke letters of administration is not a final judgment, we have consistently treated such orders as appealable and subject to review. The question was directly raised in *Flowers v. Zeilinger,* 102 Colo. 556, 81 P. (2d) 879. There Flowers moved to discharge the conservator of an insane person. Upon denial of his motion he appealed to the district court where the conservator moved to dismiss the appeal because the order appealed from was not final. The district court so held, under authority of the Peters case, and in reviewing that judgment this court said, speaking through Mr. Justice Burke: "Further, for present purposes, we assume, without deciding, that our pronouncement in the Peters case was too broad. For instance, that while, in certain cases, as where the charges against a conservator involved conduct which could be corrected and controlled by court

order, the refusal to discharge would not be final, and that in others, as in case of the absolute disqualification of the conservator and his inability to qualify, it would be. It is therefore apparent that a correct answer to the question propounded necessitates a consideration of the reasons assigned for the discharge."

In the case now before us we do not have for consideration conduct which may be corrected and controlled by a subsequent court order, but a claim of absolute disqualification of the administrator on the ground that, under the statute, the court has no discretion and the appointment of her nominee is mandatory. An order determining the issue of statutory authority is a final order in the sense that it is subject to review. To hold otherwise would be in effect to annul any regulatory statute as to rights of administration.

Under a similar statutory provision, the Utah court held that a decree denying a petition to set aside the order of appointment of an administrator is a final order. *In re Tasanen's Estate,* 25 Utah 396, 71 Pac. 984.

█ It is further urged that the action was brought against defendant in error personally when he was involved in his official capacity as administrator only. Since this action was not brought concerning any conduct of defendant in error in such official capacity, but instead was based upon his personal right to act as administrator, it was properly brought against him personally and not against the office which he represents. However, if true, error in strict official designation is of little moment. "A mistake in the caption of a complaint as to official designation of parties is of no grave consequence, if the allegations in the body of it show with sufficient certainty the real capacity in which they are parties to the suit." *Owens v. Dudley,* 162 Calif. 422, 122 Pac. 1087. See, also, 47 C.J. 176, §327.

█ The right to administer estates of decedents is governed by statute. Such statutes are mandatory and may not be disregarded by courts if the person entitled

to the preference is not otherwise disqualified. *Thompson v. Jack,* 90 Colo. 470, 10 P. (2d) 947. Under our comprehensive statute in relation to probate matters, rights to administer were declared in section 43, chapter 181, Laws of 1903 (§74, c. 176, '35 C.S.A.). That section gave first preference to husband, widow or other relative if application was made by one of them within twenty days; if not, then preference to any creditor, if applied for within the ten days next ensuing, and if neither creditor nor relative applied, then appointment could be made in the discretion of the county judge.

Subsequently there was established the office of public administrator, and by chapter 124, Laws of 1913, appointment of such administrator was authorized and made mandatory in counties having more than fifty thousand inhabitants, and it was provided that in such counties where any person shall die leaving estate and having no relative within this state who will administer thereon, it shall be the duty of the judge of the county court upon application to commit the administration to the public administrator; "Provided, that if within sixty days after the death of said deceased, his heirs at law nominate any other qualified person as administrator, then such person shall be appointed if he gives such bond as may be required, and if letters of administration have theretofore issued upon said estate to the public administrator, they shall be revoked." This statute modified the 1903 act, in so far as it defined the right to administer estates in any county having a population of more than fifty thousand inhabitants. Thereafter by chapter 272 of the Laws of 1937 (§§103, 104, chapter 176 '35 C.S.A.) this last mentioned statute was amended to extend the application of the statute concerning public administrators by providing that the county judge of any county having a population of more than twenty thousand inhabitants may appoint a public administrator, and further providing that where a decedent shall have no relative within the state who

will administer his estate, the judge of the county court may commit the administration to the public administrator *"or to some other discreet person."* But this amendment of the statute continues in force the provision of the 1913 act, that if within sixty days after death the heirs nominate any other qualified person as administrator then such other person shall be appointed if he give such bond as may be required, and if letters have theretofore issued to the public administrator *or to some other person,* they shall be revoked. This statute must be considered in connection with the earlier statutes and construed as superseding such statutes to the extent of its declaration of rights of administration.

 We are here concerned with administration of an estate within the City and County of Denver where there is a public administrator, that office being presently occupied by the defendant in error herein. Accordingly, the provisions of the statutes concerning public administrators and amendments thereof are applicable. It avails defendant in error nothing that he had himself appointed, as he asserts, in his individual capacity and not as public administrator. The statute requires that upon compliance with its requirements, letters issued to the public administrator *or to any other person* shall be revoked. His competency and honesty and good management of the estate are not challenged and are not involved. The discretion of the county judge in the City and County of Denver in his appointment of any administrator is necessarily restricted by the statutory limitations thereon. The 1937 amendment was entitled, "An act concerning the administration of estates and amending the law regarding public administrators," and is comprehensive enough in its title to include others than the public administrator. In the case at bar the sole heir at law having within sixty days after the death of Arthur Ove filed a verified petition showing that decedent had no relative within the state who will administer his estate, and having nominated

an allegedly qualified person as administrator, such person so nominated should have been appointed in the absence of allegation and proof of facts disqualifying such nominee. Any pleading alleging disqualification of the nominee should be required with the utmost promptness so that the matter may be determined without further delay. If upon hearing the nominee is found qualified, he should be appointed forthwith and the letters of administration issued to defendant in error should be revoked.

The judgment is reversed and the cause remanded for further action in accordance herewith.

MR. JUSTICE HILLIARD and MR. JUSTICE ALTER did not participate.