No. 22069.

DENNIS O'NEILL *v.* EMMETT IRWIN, EXECUTOR OF THE
ESTATE OF EDWARD E. HILL, DECEASED.
(414 P.2d 122)

Decided May 16, 1966.

COLLIER, HAYDEN & SWEENEY, for plaintiff in error.

GRANT, SHAFROTH, TOLL & McHENDRIE, JAMES H. SKINNER, JR., for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THE matter is before us on the motion of the defendant in error, Emmett Irwin, appointed under the will of Edward E. Hill to be the executor of his estate, to dismiss the writ of error issued out of this Court to one Dennis O'Neill.

Dennis O'Neill, on behalf of himself and on behalf of all the adult heirs, residuary legatees and devisees of Edward E. Hill, deceased, filed a petition in the District Court in and for the County of Lake, State of Colorado, requesting the court to issue a citation to Emmett Irwin, as executor of the estate, to show cause why Emmett Irwin should not be removed as executor by reason of mismanagement of the estate; by his failure, neglect and default in the performance of the material duties of his office; and for his failure to comply with the statutes of the State of Colorado and Rules of the Probate Court in the administration of the estate. The citation was issued and a hearing was had upon the petition and citation after which the trial court ordered the citation dismissed. From the order denying the petition for removal of the executor, the petitioner has brought error.

Rule 111(a) of the Colorado Rules of Civil Procedure governs what matters are reviewable by the Supreme Court. The rule states:

"(a) Matters Reviewable. A writ of error shall lie from the supreme court to:

"(1) A final judgment of any district, superior, pro-

bate, or juvenile court in all actions or special proceedings . . ."

In Colorado, the question whether an order denying an application for removal of a personal representative is a final judgment to which a writ of error will lie depends not upon the parties but upon the effect the order will have upon the status of the parties after its entry. Such an order is deemed to be interlocutory and not appealable where the charges upon which removal is sought involve conduct which can be corrected and controlled by court order; it is deemed to be final and appealable where the charges involve absolute disqualification of a fiduciary or his inability to qualify. *Flowers v. Zeilinger*, 102 Colo. 556, 81 P.2d 879; *Handley v. Hilliard*, 114 Colo. 286, 163 P.2d 651; Parks, *Colorado Probate Practice Manual*, 140. See also 37 A.L.R. 2d 751, 780.

The matters upon which O'Neill based his petition for removal of Irwin are all matters which involve conduct that can be corrected and controlled by the court while acting in its probate jurisdiction. As a matter of fact, the Judge ordered the executor to file certain reports which were delinquent, and he also recognized as appropriate, offers made by the executor with respect to future proceedings in the estate. We point out that the issue presented by this writ of error is limited to the propriety of the order refusing to grant the application to remove the executor.

The motion to dismiss is granted and the writ of error previously issued out of this Court is hereby dismissed.

Mr. Chief Justice Sutton not participating.