722 P.2d 422 (1986)
In the Matter of the ESTATE OF Martin FRANCHS, Deceased.
Joyce FRANCHS, Appellant,
v.
Bruce BILLINGS, Special Administrator and Robert Broyles, Appellees.
No. 84CA1360.
Colorado Court of Appeals, Div. II.
January 23, 1986.
Quigley, Palermo & Natchez, P.C., Christopher J. Maurer, Colorado Springs, for appellant.
No appearance for appellee Bruce Billings.
Garrett Sheldon, Walsenburg, for appellee Robert Broyles.
BABCOCK, Judge.
In this probate action, Joyce Franchs, the surviving spouse of the decedent, appeals from the trial court's order appointing Bruce Billings as special administrator of the decedent's estate. She contends that the trial court was required to appoint her as the personal representative of her husband's estate. We disagree, and therefore, we affirm.
Martin Franchs died intestate on September 21, 1983. Probate proceedings were commenced in June 1984, when Robert Broyles, an alleged creditor of the decedent's estate, filed a petition requesting to be formally appointed personal representative. *423 Spouse subsequently petitioned for appointment as personal representative.
At the hearing regarding the appointment of a personal representative, creditor argued that spouse should be disqualified, while spouse argued that she had priority for the appointment by statute and should not be disqualified. After the hearing, the probate court found that appointment of a special administrator, as opposed to either of the parties, was necessary to determine the nature, extent, and title to decedent's estate. The court also found that creditor and spouse were intent only on resolution of creditor's claim, not the administration of the estate. Consequently, the court formally appointed a third party as the special administrator.

I.
Creditor contends that this appeal should be dismissed because the appointment of the special administrator is not a final, appealable order. We disagree.
Under § 15-10-308, C.R.S., and C.A.R. 1(a), only final judgments of probate courts are reviewable on appeal. See In re Estate of Dodge, 685 P.2d 260 (Colo.App.1984). The Colorado Probate Code furnishes no guidance as to the types of probate court orders which may be deemed final for purposes of appeal. In re Estate of Dandrea, 40 Colo.App. 547, 577 P.2d 1112 (1978). However, it has been held that an order determining the issue of statutory authority or qualification of a party to be appointed as personal representative is deemed to be final and appealable. See Estate of Ove, 114 Colo. 286, 163 P.2d 651 (1945).
Here, since the probate court's order formally appointing the special administrator did not limit the special administrator's power, the special administrator has the power of a general personal representative. See § 15-12-617, C.R.S. Therefore, we hold that the probate court's order appointing the special administrator is final and appealable. See Estate of Ove, supra.

II.
Spouse contends that the probate court's order appointing the special administrator was improper because the court was required to appoint her as personal representative. She argues that, since she has statutory priority for appointment as personal representative under § 15-12-203, C.R.S., and since the court made no finding of disqualification, the probate court's order appointing the special administrator improperly circumvented the mandatory provisions of the priority statute. We disagree.
Spouse's reliance on Estate of Webb, 90 Colo. 470, 10 P.2d 947 (1932) and Estate of Ove, supra, is misplaced. Those cases decided under a different statutory scheme did not address the question at issue here under the Colorado Probate Code as to the probate court's discretion in appointing a special administrator, as opposed to appointing a general personal representative in accordance with the statutory priority schedule.
While § 15-12-203, C.R.S., generally establishes the order of priority for appointment, as personal representative, of various classifications of persons who are not disqualified, § 15-12-203(8), C.R.S., specifically provides that this section "does not apply to the selection of a special administrator." Under § 15-12-614(1)(b), C.R.S., the probate court may formally appoint a special administrator on petition of any interested person upon finding, after notice and hearing, "that appointment is necessary to preserve the estate or to secure its proper administration including its administration in circumstances where a general personal representative cannot or should not act." The probate court may appoint "any proper person" as special administrator in intestacy cases, see § 15-12-615, C.R.S., and a formally appointed special administrator has the power of a general personal representative except as limited by such terms as the probate court may direct. Section 15-12-617, C.R.S.
Therefore, we hold that where a probate court, in its discretion, finds that *424 formal appointment of a special administrator is necessary under § 15-12-614(1)(b), C.R.S., it may appoint any proper person as special administrator under § 15-12-615, C.R.S., upon such terms as it may direct, notwithstanding the provisions governing the priority for appointment of a personal representative under § 15-12-203, C.R.S. See In re Estate of Sauter, 615 P.2d 875 (Mont.1980); 1 ALI-ABA, Uniform Probate Code Practice Manual 308-09 (R.Wellman 2d ed. 1977).
Here, the probate court found that appointment of a special administrator was necessary to preserve the estate and to secure its proper administration. This finding has support in the record, and thus, the probate court did not abuse its discretion in appointing a third party as special administrator, despite spouse's statutory priority for appointment as personal representative.
Order affirmed.
SMITH and STERNBERG, JJ., concur.